**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

WESLEY L. DANIELS,

     PLAINTIFF,

     vs.

GEORGIA POWER COMPANY,

DEFENDANT.

Case No.:

JURY TRIAL DEMANDED

## **COMPLAINT**

COMES NOW, WESLEY J. DANIELS, Plaintiff, by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

**3.**

Plaintiff is a male citizen of the United States of America, and is subject to the jurisdiction of this Court.

**4.**

Defendant Georgia Power Company (Ga. Power) is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

**5.**

Defendant Ga. Power may be served with process by delivering a copy of the summons and complaint to its registered agent.

**6.**

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII. During all times relevant to this Complaint, Defendant has employed more than 500 people.

**7.**

Plaintiff timely filed a charge of sexual harassment discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

**8.**

The EEOC issued a "Notice of Right to Sue" on September 29, 2016, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

Plaintiff received his "Notice of Right to Sue" on October 3, 2016. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

10.

Plaintiff was initially hired by Defendant on August 27, 2005 as an Unassigned Apprentice Lineman I.

11.

Beginning around September 1, 2014 a male employee of Ga. Power, J.S., who Plainitff had not previously worked with, was placed on Plaintiff's crew.

12.

Starting on or about September 1, 2014, J.S., began engaging in conduct that Plaintiff reasonably believed constituted sexual harassment, in violation of Title VII of the Civil Rights Act of 1964.

13.

Starting on September 1, 2014 and continuing daily, J.S. would expose his genitals to Plaintiff and other employees.

14.

On numerous occasions from September 1, 2014 until mid-September J.S. exposed his genitals to Plaintiff, placing his genitals on Plaintiff and other employees, including grabbing Plaintiff from behind and simulating a sex act.

15.

In mid-September Plaintiff went to his supervisor, and complained about the sexual harassment to which he was being subjected. Plaintiff's Supervisor told Plaintiff not to

report the behavior to anyone else and he would handle it. J.S.'s behavior did not improve, and he continued to expose himself.

16.

On October 17, 2014 Plaintiff's Supervisor told other employees that Plaintiff had complained about J.S., and these employees reported this to J.S. This created a hostile work environment for Plaintiff as he continued to work on a crew with J.S.

17.

J.S. assaulted Plaintiff while working on October 31, 2014. J.S. came up behind Plaintiff and placed his finger under Plaintiff's rectum. J.S. yelled "woo hoo" and then ran his finger under his nose as if sniffing it.

19.

On or about November 7, 2014 Plaintiff filed charge of discrimination No. 410-2015-0733 alleging sexual harassment with the EEOC. A copy of the charge of discrimination No. 410-2015-0733 is attached as **Exhibit A.**

20.

Subsequent to Plaintiff filing charge of discrimination No. 410-2015-0733, Defendant subjected Plaintiff to adverse employment actions.

21.

Plaintiff was called into his supervisor's office on November 17, 2014 and told that he was being suspended with pay for an incident that occurred in July 2014 that Plaintiff had previously been disciplined for.

22.

There was a causal connection between the protected conduct and the adverse action.

23.

On December 1, 2014 Plaintiff was terminated from Ga. Power, allegedly for the July 2014 incident that he was previously disciplined for.  Plainitff's termination was in retaliation for his protected condcut.

24.

On January 5, 2015, Plaintiff filed charge of discrimination No. 410-2015-0733 with the EEOC, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964.  A copy of  charge of discrimination No. 410-2015-0733 is attached as **Exhibit B**.

**COUNT I**

**SEXUAL HARASSMENT**

25.

Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 above.

26.

On a consistent basis during Plaintiff's employment, J.S. subjected him to sexual harassment.  Plaintiff was obligated to work in an atmosphere that was hostile by virtue of unwelcome sexual conduct and sexual innuendo.  This sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

27.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Defendant has intentionally engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

28.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of sex.

29.

Plaintiff is entitled to back wages, as well as compensation for non-pecuniary loss resulting from Defendant's unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in an amount to be determined by the jury.

30.

Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights such that he is entitled to punitive damages.

**COUNT II**

**RETALIATION**

31.

Plaintiff re-alleges and incorporates by reference herein the allegations contained in paragraphs 1 through 30 above.

32.

Plaintiff engaged in protected conduct when he complained about sexual

harassment.

33.

Defendant took an adverse employment action against Plaintiff because of his complaint of sexual harassment.

34.

Plaintiff is entitled to back wages, as well as compensation for non-pecuniary loss resulting from Defendant's unlawful conduct, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in an amount to be determined by the jury.

35.

Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights such that he is entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law; and

(g)	All other relief to which he may be entitled.


This December 29, 2016.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:	(478) 757-2990
Facsimile:	(478) 757-2991
E-mail:	Charles@cecoxjr.com